UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY THREATT,

    Plaintiff,

v.

    Case No. 15-12585
    Honorable Linda V. Parker

MICHELLE WILLIAMS, et al.,

    Defendants.

_____/

**OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE'S JULY 13, 2016 REPORT AND RECOMMENDATION [ECF NO. 57]; (2) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [ECF NO. 35]; AND (3) DENYING PLAINTIFF'S MOTION TO AMEND**

On July 20, 2015, Plaintiff Anthony Threatt commenced this civil rights action pursuant to 42 U.S.C. § 1983 against numerous defendants. Plaintiff, a Michigan Department of Corrections' prisoner, alleges that between March and July 2015, Defendants violated his First and Eighth Amendment rights while he was incarcerated at the Macomb Correctional Facility ("MRF"). Defendants are MDOC employees working as custody and housing staff at MRF ("MDOC Defendants") or healthcare workers employed by an independent contractor to work at MRF ("Healthcare Employee Defendants").[1] The matter has been referred

---

[1] Service of a Summons and copy of the Complaint have not been effectuated upon the Healthcare Employee Defendants. (*See* ECF Nos. 30, 48.)

to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 31.)

On January 15, 2016, the MDOC Defendants filed a motion for summary judgment arguing that Plaintiff failed to properly exhaust MDOC's grievance procedures with respect to his claims prior to filing this action.  (ECF No. 35.)  On April 14, 2016, Plaintiff filed a motion to amend his Complaint.  (ECF No. 51.)  On July 13, 2016, Magistrate Judge Stafford issued an R&R recommending that this Court grant the MDOC Defendants' summary judgment motion and deny as moot Plaintiff's motion to amend.  (ECF No. 57.)

In the R&R, Magistrate Judge Stafford finds that of the twenty-seven grievances Plaintiff has filed, six were filed after he filed this lawsuit, two are irrelevant to the claims alleged in his Complaint, and the remaining nineteen were not exhausted through MDOC's three-step grievance process.[2]  (*Id*. at Pg ID 695-696.)  Magistrate Stafford further finds no evidence of a grievance filed by Plaintiff relating to his allegations against Defendants Dr. Tumada, Dr. Farris, Officer Coleman, or an eye doctor referred to as Dr. John Doe.  (*Id*. at Pg ID 696.)

---

[2] Magistrate Judge Stafford found that Plaintiff filed Step III appeals for two grievances; however, he filed this lawsuit before any response to his Step III appeal and before the due dates for responses passed.  (ECF No. 57 at Pg ID 701-02.)

Magistrate Judge Stafford also addresses Plaintiff's argument in response to the motion for summary judgment that certain prison employees interfered with his ability to exhaust the grievance process. (*Id*. at Pg ID 699-701.)

Plaintiff argued that certain MRF personnel interfered with his ability to complete the grievance process because they sent him blank Step II appeal forms after his appeals were due. Magistrate Judge Stafford found no merit to this argument because Plaintiff filed this lawsuit *before* he requested the forms and thus the alleged conduct was not relevant to his failure to exhaust his administrative remedies. (ECF No. 57 at Pg ID 699); *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding that prisoners "may not exhaust administrative remedies during the pendency of [a] federal suit" because "the plain language of [the Prison Litigation Reform Act] makes exhaustion a *precondition* to filing an action in federal court . . .") (emphasis added). Plaintiff further argued that he was barred from exhausting his administrative remedies because MRF personnel threatened, intimidated, and put him in imminent danger in response to his grievance filings. (ECF No. 36 at Pg ID 417.) Magistrate Judge Stafford found, however, that some of these alleged threats would not "deter a person of ordinary firmness" and that other alleged threats, in fact, did not deter Plaintiff from filing grievances. (ECF No. 57 at Pg ID 700-01.)

3

Finally, in the R&R, Magistrate Judge Stafford responds to Plaintiff's claim that Defendants have committed fraud upon the Court based on their submission of grievance forms with respect to two of Plaintiff's grievances, which contain variations in the identifier numbers at different levels of the grievance process. (*Id*. at 702-03.) Magistrate Judge Stafford acknowledges "minute differences" in the grievance identifier numbers. (*Id*.) Nevertheless, she finds no evidence that these differences had any impact on Plaintiff's ability to complete the grievance process. (*Id*. at Pg ID 703.)

In conclusion, Magistrate Judge Stafford recommends that the Court dismiss Plaintiff's claims against the MDOC Defendants for failure to properly exhaust administrative remedies before filing suit. (*Id*.) Magistrate Judge Stafford further recommends that the Court sua sponte dismiss Plaintiff's claims against the Healthcare Employee Defendants for the same reason. (*Id*. at Pg ID 703-04.) Lastly, Magistrate Judge Stafford recommends that the Court deny as moot Plaintiff's motion to amend. (*Id*. at Pg ID 704.)

At the end of the R&R, Magistrate Judge Stafford informs the parties that they must file any objections within fourteen days. (*Id*. at Pg ID 705.) She further advises that the "[f]ailure to file specific objections constitutes a waiver of any

further right of appeal." (*Id.*, citations omitted).  Plaintiff filed objections to the R&R on July 25, 2016 and August 8, 2016.[3]  (ECF No. 60, 62.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions to an R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

In his objections, Plaintiff first contends that Magistrate Judge Stafford did not review the evidence in a light most favorable to him.  Specifically, Plaintiff points to Magistrate Judge Stafford's treatment of the discrepancies in the numbers on the grievance forms at the different grievance levels and her failure to estop

---

[3] In his first filed objections, Plaintiff states that he did not receive a copy of the R&R. (ECF No. 60.)  The Court therefore mailed a second copy of the R&R to Plaintiff on August 5, 2016. (ECF No. 61.)  The Court will accept Plaintiff's representation that he did not receive, or did not timely receive, the first copy of the R&R mailed to him and, therefore, will accept as timely his second-filed objections to the R&R.

5

Defendants from asserting failure to exhaust as a defense due to this "fraud on the Court." Plaintiff, however, fails to show that Defendants engaged in fraud. As Magistrate Judge Stafford identifies, there are only minute discrepancies in the numbers on the grievance forms and these discrepancies did not prevent Plaintiff from exhausting his administrative remedies.

Plaintiff next objects to Magistrate Judge Stafford's conclusion that conduct by Defendants Odom, Artman, and Spezia, and other MRF personnel would not deter a person of ordinary fitness from completing the exhaustion process. The Sixth Circuit has held that grievance procedures become unavailable, and a prisoner will be excused from exhausting those procedures, when prison officials "somehow prevent a prisoner from using [the grievance process]." *See Brock v. Kenton Cnty.*, 93 F. App'x 793, 798 (6th Cir. 2004). However, as Defendants demonstrate, Plaintiff continued to file grievances despite this alleged misconduct, including grieving the alleged threats and retaliation. The Sixth Circuit has concluded that evidence of a prisoner's continued filing of "[c]omplaints and grievances related to petty requests" does not prevent a finding of intimidation sufficient to excuse exhaustion. *Himmelreich v. Fed. Bureau of Prisons*, 766 F.3d 576, 578 (2014). Here, however, Plaintiff grieved the very conduct he claims prevented him from exhausting the grievance process as to other claims. Thus

6

Plaintiff fails to show that any conduct by MRF personnel actually deterred him from exhausting the grievance process.

In further objection to the R&R, Plaintiff claims Magistrate Judge Stafford failed to recognize that exhaustion is no longer a pleading requirement and that he therefore had no duty to show exhaustion. The Supreme Court in fact has held that a prisoner no longer is required to plead exhaustion in the complaint. *Jones v. Bock*, 549 U.S. 199 (2007). Nevertheless, in response to a well-supported summary judgment motion asserting exhaustion, the plaintiff-prisoner retains even after *Bock* the duty to show that he in fact exhausted his administrative remedies. *See Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' ")). Magistrate Judge Stafford correctly found that Plaintiff failed to satisfy this burden.

The Court lastly addresses Plaintiff's argument that because exhaustion is an affirmative defense, Magistrate Judge Stafford erred in sua sponte dismissing Plaintiff's claims against the non-moving defendants based on exhaustion. Courts have not interpreted *Jones v. Bock*, however, as precluding sua sponte dismissals based on an affirmative defense such as exhaustion where the failure to exhaust is evident and the plaintiff first has been given the opportunity to address the issue.

7

*See Baker v. Meko*, No. 08-cv-119, 2009 WL 56953, at *2 (E.D. Ky. Jan. 7, 2009) (quoting *Jones*, 127 S. Ct. at 920-21).[4] As the district court summarized in *Baker*:

> Other courts have held that even in light of the Supreme Court's decision in *Jones v. Bock*, district courts are still authorized to dismiss a complaint where failure to exhaust is apparent from the face of the complaint and are also allowed sua sponte to inquire into whether a claim has been exhausted and dismiss the complaint after giving the inmate notice and an opportunity to address the issue.

---

[4] As the district court wrote in *Baker*:

> The Supreme Court noted that its ruling does not mean that prisoner complaints will never be subject to sua sponte dismissal for failure to exhaust administrative remedies. The Court explained: "A complaint is subject to dismissal for failure to sta[t]e a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc. 8(e). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract. *See Leveto v. Lapina*, 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ... appears on its face." (internal quotation marks omitted)). *See also Lopez–Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (1st Cir. 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2nd Cir. 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed .2004)."

2009 WL 56953, at *2 (quoting *Jones*, 549 U.S. at 215).

...

*Id*. at *3 (citing cases). Thus the Court adopts Magistrate Judge Stafford's recommendation to extend the MDOC Defendants' exhaustion argument to Plaintiff's claims against the non-moving defendants.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Stafford's July 13, 2016 R&R and adopts the recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 35) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (ECF No. 50) is **DENIED AS MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 6, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 6, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager